## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No. 5:09-CR-209-FL-1
No. 5:12-CV-320-FL

| | | |
|---|---|---|
| DAMIEN ANTWAN RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on Petitioner Damien Antwan Richardson's

("Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot.

under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody

("Pet'r's Mot.") [DE-37]. Petitioner asserts that in light of the Fourth Circuit Court of Appeals'

decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) his criminal history

does not include a prior felony drug conviction and he is therefore not subject to the mandatory

minimum sentence under 21 U.S.C. § 841. Pet'r's Mot. [DE-37] ¶ 12; Mem. in Supp. of Mot. to

Vacate Pursuant to 28 U.S.C. § 2255 ("Pet'r's Mem.") [DE-37-2] at 2-3. This court also

undertakes review of the government's motion to dismiss Petitioner's motion, United States'

Mot. to Dismiss or for Summ. J. ("Gov't's Mot.") [DE-44], supported by a memorandum of law,

Mem. in Supp. of United States' Mot. to Dismiss or for Summ. J. ("Gov't's Mem.") [DE-45], to

which Petitioner has replied. Resp. in Opp'n to Gov't's Mot. to Dismiss ("Pet'r's Resp.") [DE-

46]. The court entered an order on August 24, 2012 directing the government to file a notice of

whether the government intends to withdraw its motion to dismiss Petitioner's § 2255 motion.

[DE-47]. Accordingly, the government submitted a notice of its intent not to withdraw its

motion to dismiss. Resp. to Court's Order Regarding United States' Intent to Pursue its Mot. to

Dismiss. [DE-48]. Petitioner's motion was subsequently referred to this court and is considered

here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CRIM. P.

59(b)(1)(B). For the following reasons, it is recommended that the government's motion to

dismiss [DE-44] be allowed and Petitioner's motion to vacate, set aside or correct his sentence

[DE-37] be dismissed.

## I. BACKGROUND

On January 6, 2010, represented by counsel and pursuant to a plea agreement, Petitioner

entered a plea of guilty to conspiracy to distribute and possess with intent to distribute 500 or

more grams of cocaine and 5 or more grams of cocaine base (crack) in violation of 21 U.S.C. §

846.[1] Mem. of Plea Agreement ¶¶ 2(a), 3 [DE-27]. The plea agreement provided in relevant part

that Petitioner agreed to

waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is
imposed, including any issues that relate to the establishment of the advisory
Guideline range, reserving only the right to appeal from a sentence in excess of the
applicable advisory Guideline range that is established at sentencing, and further to
waive all rights to contest the conviction or sentence in any post-conviction
proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or
motion based upon grounds or ineffective assistance of counsel or prosecutorial
misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[DE-27] ¶ 2(c).

On March 29, 2010, the District Court imposed a sentence of 126 months imprisonment

---

[1]Petitioner's plea of guilty was to a lesser offense included within the offense charged in
count one of the indictment. *See* Mem. of Plea Agreement [DE-27] ¶¶ 2(a), 3; [DE-1] at 1.

2

upon Petitioner's drug conspiracy conviction.[2] J. in a Criminal Case [DE-31] at 1-2. The

District Court further imposed an 8-year term of supervised release with special conditions. *Id.*

at 3-4.[3] The District Court waived imposition of a fine and imposed a mandatory $100 special

assessment. *Id.* at 5-6; Stmt. of Reasons [DE-32] at 1. Petitioner did not challenge either his

conviction or sentence on direct appeal to the Fourth Circuit.

Under the then-existing Fourth Circuit precedent of *United States v. Harp*, 406 F.3d 242

(4th Cir. 2005), Petitioner's prior state court convictions qualified as felony offenses for federal

sentencing purposes.[4]

---

[2] The statutory provisions provide a term of imprisonment of not less than 10 years or more than life for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base (crack). *See* PSR ¶ 52 (citing 21 U.S.C. §§ 841(b)(1)(B) and 851)). Based on Petitioner's total offense level of 25, his criminal history category of VI, and in consideration of the minimum required by statute, the advisory guideline range for imprisonment is 120 to 137 months. *See id.* ¶ 53. It is noted in the PSR that "were it not for [the] statutory impact in this case, the guideline imprisonment range would have been 110 to 137 months." *Id.* No objections were made to the PSR.

[3] Statutorily, a term of at least 8 years of supervised release is required if a term of imprisonment is imposed; the advisory guideline range for a term of supervised release is 8 years. *See* PSR ¶¶ 55-56 (citing 21 U.S.C. §§ 841(b)(1)(B) and 851 and U.S.S.G. § 5D1.2(c)).

[4] According to Petitioner's Presentence Investigation Report ("PSR"), Petitioner was convicted of felony possession of cocaine on July 22, 2004 in the Wake County District Court and felony possession with intent to sell and deliver cocaine on September 14, 2005 in the Wake County Superior Court. *See* PSR ¶¶ 14, 22. While the PSR describes a third felony conviction for habitual misdemeanor assault on February 11, 2009 in the Wake County Superior Court, the report indicates that insofar as Petitioner's instant offense and relevant conduct preceded this conviction, it was not considered a predicate offense for the purpose of applying 4B1.1. *Id.* ¶ 23.

Petitioner received a base offense level of 26 under the advisory United States Sentencing Guidelines which resulted in an adjusted offense level of 28 once adjustment was made for Petitioner's role in the offense was applied. *Id.* ¶¶ 42, 45, 47. Further adjustment was made to account for Petitioner's acceptance of responsibility, reducing Petitioner's total offense level to 25. *Id.* ¶¶ 49-50. According to the PSR, no chapter four enhancements were applied to the offense level computation. *Id.* ¶ 48.

3

On June 7, 2012, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 seeking the court to vacate his sentence and set his case for re-sentencing. Pet'r's Mot. [DE-37] at 14. Petitioner contends that the District Court erroneously imposed a mandatory minimum sentence under 21 U.S.C. § 841(b)(1) based upon a state conviction which may no longer be considered a predicate felony drug conviction to trigger enhanced punishment in light of the Fourth Circuit's decision in *Simmons* because it did not result in Petitioner being incarcerated for more than one year. *Id.* ¶¶ 12-13, 18; Pet'r's Mem. [DE-37-2] at 2-3. In particular, according to Petitioner, his conviction under North Carolina law for possession with the intent to sell and deliver cocaine was a prior felony drug conviction for purposes of triggering the enhanced sentence under 21 U.S.C. § 841(b)(1) under then existing Fourth Circuit precedent of *Harp*. Pet'r's Mem. [DE-37-2] at 2-3. According to Petitioner, he did not object to the application of the mandatory minimum sentence that at the time of sentencing conceding to the applicability of *Harp*. *Id.* at 2.

Petitioner contends that without the application of the mandatory minimum pursuant to 21 U.S.C. § 841(b)(1), his new guideline range is 110 to 137 months imprisonment. *Id.* at 3. Petitioner concedes that his original sentence of 126 months falls within the guideline range as calculated in light of *Simmons*. *Id.* Petitioner contends however that the erroneous consideration of the mandatory minimum sentence precluded the court from considering evidence in support of a downward departure and factors supporting a sentencing variance pursuant to 18 U.S.C. § 3553(a).[5] *Id.* Petitioner argues that although his original sentence falls within the new guideline range, a re-sentencing hearing is necessary in order that the court may fully and properly consider

---

[5]Petitioner has not identified evidence supporting a downward departure or factors supporting a sentence variance.

4

an appropriate sentence. *Id.*

On July 31, 2012, the government filed a motion seeking to dismiss Petitioner's motion on the grounds that (1) the motion is untimely, (2) Petitioner's claims are barred by application of the appellate waiver contained in his plea agreement, (3) Petitioner's claims are procedurally defaulted and (4) Petitioner's claims are without merit. Gov't's Mem. [DE-45] at 2-9.

## II. LEGAL STANDARDS

### A.    Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting

5

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (internal quotation marks omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## B. Fed. R. Civ. P. 56

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. Civ. P. 56(c)(2); *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

## C. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28

6

U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). However, a petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

## III. DISCUSSION

Petitioner argues that his sentence was erroneously enhanced under 21 U.S.C. § 841 in light of *Simmons*. Pet'r's Mem. [DE-37-2] at 2-3. Petitioner argues that his motion is timely under § 2255(f)(4) and, in the event it is deemed untimely, that equitable tolling should apply to extend the statutory time by which he may file his motion. *Id.* at 4; Pet'r's Resp. [DE-46] at 1-2.

### A. Timeliness of Petitioner's Motion

Section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the latest of four possible triggering events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by

7

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4). "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

Petitioner contends that his § 2255 motion is timely under § 2255(f)(4). Petitioner argues that the "facts supporting [Petitioner's] claim became discoverable for purposes of § 2255 on the date the Fourth Circuit, sitting *en banc*, decided *Simmons* - August 17, 2011." Pet'r's Mem. [DE-37-2] at 6. Petitioner argues that "[o]n that date, the legal consequences of [Petitioner's] prior North Carolina 'felony' conviction changed, providing him with an interest in challenging his prior conviction." *Id.* Petitioner therefore contends that the one-year period of limitation for filing his § 2255 motion should be deemed to have commenced on the date of the issuance of the Fourth Circuit's decision in *Simmons*, thereby making his motion, filed June 7, 2012, timely for purposes of § 2255(f)(4). *See id.* Petitioner supports his contention by citing *Johnson v. United States*, 544 U.S. 295 (2005), and *Gadsen. Id.* at 4-5.

The Supreme Court in *Johnson* and the Fourth Circuit in *Gadsen* each held that a state court's vacatur of a petitioner's prior state conviction constituted a "fact" under § 2255(f)(4). As a result, the limitation period began tolling on the date of notice of the state-court vacatur. *Johnson*, 544 U.S. at 310. "Although 'facts' in this context have been held to include court

8

rulings and the legal consequences of known facts, the court ruling or legal consequence must have occurred in the petitioner's *own case.*" *Goode v. United States,* Nos. 5:06-CR-81-BO-1, 5:12-CV-345-BO, 2012 U.S. Dist. LEXIS 142370, at \*2, 2012 WL 4577244, at \*1 (E.D.N.C. Oct. 2, 2012) (internal citation omitted) (citing *Shannon v. Newland,* 410 F.3d 1083, 1088-89 (9th Cir. 2005)); *see also United States v. Hardison,* Nos. 4:08-CR-77-FL-2, 4:11-CV-196-FL, 2011 U.S. Dist. LEXIS 148702, at \*4-5, 2011 WL 6780783, at \*2 (E.D.N.C. Dec. 27, 2011) (observing that *Johnson* and *Gadsen* each involved the vacatur of petitioner's *own* prior state conviction directly eliminating petitioner's status as a convict). Here, *Simmons* was not part of Petitioner's own litigation history and does not apply directly to him. *See Hardison,* 2011 U.S. Dist. LEXIS 148702, at \*4-5, 2011 WL 6780783, at \*2. Moreover, Petitioner does not point to any invalidation of his state conviction. *Simmons* may have changed the landscape of classifying state convictions for federal sentencing purposes, but Petitioner's state conviction has not been vacated so the reasoning employed in *Johnson* and *Gadsen* to trigger § 2255(f)(4) does not apply.

Petitioner next argues that equitable tolling should apply to render his motion timely. Pet'r's Mem. [DE-37-2] at 6-8; Pet'r's Resp. [DE-46] at 2 (citing *Taylor v. United States,* Nos. 5:04-CR-195-BO-1, 5:12-CV-33-BO, 2012 U.S. Dist. LEXIS 49394, 2012 WL 1185007 (E.D.N.C. Apr. 9, 2012)). The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida,* __ U.S. __, 130 S. Ct. 2549, 2562 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States*

9

*v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner argues that he has pursued his rights diligently by filing his motion as soon as practicable after his claim for relief arose following the Fourth Circuit's decision in *Simmons*. Pet'r's Mem. [DE-37-2] at 7. Petitioner argues the Fourth Circuit's decision in *Simmons* was an extraordinary circumstance and that prior to *Simmons*, he lacked a credible and non-frivolous § 2255 claim. *Id*.

However, this court finds no grounds for equitable tolling. The Fourth Circuit's decision in *Powell* ruled that *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010), articulated a procedural rule, rather than a substantive one; that the rule is not retroactively applicable to cases on collateral review; and does not permit a petitioner to benefit from the one-year period of limitation under § 2255(f)(3). *United States v. Powell*, 691 F.3d 554, 558-59 (4th Cir. 2012); *see also Goode,* 2012 U.S. Dist. LEXIS 142370, at \*3, 2012 WL 4577244, at \*1 (petition untimely under § 2255(f)(3) and (4) and equitable tolling was inapplicable); *Porter v. United States*, Nos. 5:08-CR-371-BO-1, 5:12-CV-298-BO, 2012 U.S. Dist. LEXIS 129708, at \*4, 2012 WL 4017923, at \*1 (E.D.N.C. Sept. 12, 2012) (same). *Powell* explained that a rule is substantive if "it alters the range of conduct or the class of persons that the law punishes" and procedural if it "merely regulates '*the manner of determining* the defendant's culpability.'" 691 F.3d at 558 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). New substantive rules are applied retroactively on collateral review whereas procedural rules generally are not retroactively applicable. *Id.* Given *Powell*'s determination that the *Carachuri* rule is not a substantive rule to be applied retroactively, this court finds that equitable tolling is not available and that Petitioner has failed to present additional facts to demonstrate otherwise. *See Goode*, 2012 U.S. Dist. LEXIS 142370, at \*3, 2012 WL 4577244, at \*1 (finding equitable tolling did not apply in light of

10

*Powell*); *Porter*, 2012 U.S. Dist. LEXIS 129708, at \*3-4, 2012 WL 4017923, at \*1.

## B.     Effect of the Appeal Waiver Contained in Petitioner's Plea Agreement

Additionally, the government relies on Petitioner's waiver of appellate rights, including the right to contest a sentence in a post-conviction proceeding pursuant to § 2255, as grounds for dismissal. Gov't's Mem. [DE-45] at 2-3. Petitioner argues his claim under *Simmons* could not have been contemplated at the time he entered his plea agreement and, as a result, his motion falls outside the scope of his plea agreement waiver. Pet'r's Resp. [DE-46] at 2-3.

A court will generally uphold a plea waiver if the record establishes the waiver is (1) valid and (2) the issue being appealed is within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). A petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary." *Lemaster*, 403 F.3d at 220; *see also United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991) (finding waiver is valid only insofar as it is the result of a knowing and intelligent decision to forgo the right to appeal).[6] An appellate waiver is generally considered to be knowing and intelligent where the court specifically questions the defendant about the waiver and the record reflects the defendant understood the significance of the waiver. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). As to the issue of scope, the Fourth Circuit has identified a narrow class of claims that fall outside the scope of a valid waiver of collateral attack rights and of direct appeal rights: (1) claims that the sentence was imposed in excess of the maximum penalty provided by law, (2)

---

[6] While Petitioner does not contest the validity of the plea agreement, review of the record indicates that Petitioner entered his plea in accordance with the plea agreement freely and voluntarily. [DE-25]. Having determined Petitioner's waiver of his post-conviction rights was valid, the court must next determine whether Petitioner's current challenges to his sentence fall outside the waiver's scope.

11

claims that the sentence was based on a constitutionally impermissible factor such as race, or (3)
claims that the defendant was deprived of effective assistance of counsel at a proceeding
following the entry of the waiver, such as at sentencing. *United States v. March*, No.
3:08-590-CMC, 2012 U.S. Dist. LEXIS 22178, at \*11, 2012 WL 570183, at \*4 (D.S.C. Feb. 22,
2012) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) & *United States v. Marin*,
961 F.2d 493, 496 (4th Cir. 1992)). Moreover, courts typically "refuse to enforce an otherwise
valid waiver if to do so would result in a miscarriage of justice." *Johnson*, 410 F.3d at 151
(quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (internal quotation marks
omitted)).

Petitioner contends that his claim under *Simmons* is not barred by an appeal waiver
because his particular post-conviction claim falls outside the parameters of his plea waiver.
Pet'r's Resp. [DE-46] at 2. In support, Petitioner contends that enforcement of the waiver will
result in a "miscarriage of justice" and that Petitioner "could not reasonably have foreseen [the]
watershed change in precedent." *Id.* at 3.

The Fourth Circuit has made clear however that errors a defendant "could not have
reasonably contemplated" upon entering the plea agreement, as Petitioner argues here, involve
only a "narrow class of claims" such as the imposition of a sentence in excess of the statutory
maximum penalty, based on a constitutionally impermissible factor such as race or in violation of
the petitioner's Sixth Amendment right to counsel. *See United States v. Poindexter*, 492 F.3d
263, 270 (4th Cir. 2007). Petitioner's sentence was not above the statutory maximum nor was it
based on an impermissible factor such as race or in violation of his right to counsel. In short,
Petitioner's sentence simply was not in violation of the law at the time it was imposed.

12

Additionally, as previously stated, alleged errors in interpreting or applying the sentencing guidelines, generally fall short of the complete miscarriage of justice showing necessary to support § 2255 relief. *See Mikalajunas*, 186 F.3d at 496 (finding that an alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice" to warrant relief under § 2255).

Additionally, alleged errors in interpreting or applying the sentencing guidelines, such as the instant enhancement provision, generally fall short of the complete miscarriage of justice showing necessary to support § 2255 relief as stated above. *See Mikalajunas*, 186 F.3d at 496 (finding that an alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice" to warrant relief under § 2255); *United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (stating "in the absence of 'a complete miscarriage of justice,' . . . guideline claims ordinarily are not cognizable in § 2255 proceedings") (citations omitted). Indeed, as the Fourth Circuit explained, "[a] plea agreement, like any contract, allocates risk" and "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompan[ies] a guilty plea." *Johnson*, 410 F.3d at 153 (citations omitted).

Recently, the Fourth Circuit allowed a petitioner's § 2255 sentencing error claim in spite of a valid appellate waiver. *See United States v. Yancey*, No. 11-4792, 2012 U.S. App. LEXIS 2035, 2012 WL 313752 (4th Cir. Feb. 2, 2012). In *Yancey*, the court held that the appellate waiver did not bar the defendant's claim that he was improperly classified as a career offender; however, the only basis provided by the court for its holding was the government's agreement at

13

sentencing that the defendant could appeal his career offender classification. *See Yancey*, 2012 U.S. App. LEXIS 2035, at \*3 n.1, 2012 WL 313752, at \*1 n.1. Unlike in *Yancey*, here, the record does not reflect the government agreed at sentencing that Petitioner could appeal his career offender classification. Thus, the terms of Petitioner's plea agreement still control.

A recent line of cases in this district, all citing *Yancey*, has held that whether a defendant was properly classified as a career offender in light of *Simmons* is not barred by an appeal waiver, even if that waiver was knowing and voluntary. *See Woodard v. United States*, Nos. 5:10-CR-191-BO, 5:12-CV-106-BO, 2012 U.S. Dist. LEXIS 58626, at \*7-8, 2012 WL 1438477, at \*2 (E.D.N.C. Apr. 25, 2012); *Mahorn v. United States*, Nos. 5:06-CR-128-BO-1, 5:12-CV-188-BO, 2012 U.S. Dist. LEXIS 52230, at \*3-4, 2012 WL 1253051, at \*1 (E.D.N.C. Apr. 13, 2012); *Mathis v. United States*, Nos. 7:09-CR-139-BO-1, 7:11-CV-266-BO, 2012 U.S. Dist. LEXIS 48842, at \*15, 2012 WL 1156438, at \*5 (E.D.N.C. Apr. 6, 2012); *Graham v. United States*, Nos. 5:10-CR-18-BO-2, 5:12-CV-19-BO, 2012 U.S. Dist. LEXIS 46853, at \*4, 2012 WL 1120018, at \*1 (E.D.N.C. Apr. 3, 2012); *Farmer v. United States*, Nos. 5:02-CR-131-BO-1, 5:11-CV-642-BO, 2012 U.S. Dist. LEXIS 46840, at \*3, 2012 WL 1119920, at \*1 (E.D.N.C. Apr. 3, 2012). The holding in each of these cases is premised on the finding that a *Simmons* claim is encompassed within the category of errors that fall outside the scope of post-conviction waivers because the defendant "could not have reasonably contemplated" this error when the plea agreement was executed. For the reasons stated above, however, this court understands *Yancey* differently and does not find that its holding supports a similar finding in this case.

Accordingly, this court finds that the Petitioner has effectively waived his right to challenge his sentence on the grounds he asserts in the instant post-conviction proceeding.

14

## C. Effect of Procedural Default

Generally, claims that could have been but were not raised on direct appeal are barred on collateral review by procedural default. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir.), *cert. denied*, 131 S. Ct. 620 (2010). Indeed, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks and citation omitted). Therefore, in order to collaterally attack a conviction or sentence based upon errors that could have been but were not raised on direct appeal, a petitioner must show both cause to excuse his default and actual prejudice resulting from the errors of which he is complaining, or he must show that a "miscarriage of justice" would result from the court's refusal to consider his claim. *Mikalajunas*, 186 F.3d at 492-93 (citing *Frady*, 456 U.S. at 167-68 & *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994)). The cause sufficient to excuse procedural default must turn on something external to the defense, such as the novelty of the petitioner's claim or ineffective assistance of counsel. *Id.* at 493 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). In order to show that a miscarriage of justice would result from the refusal of the court to entertain the petitioner's collateral attack, a petitioner must demonstrate his actual innocence by clear and convincing evidence. *Id.* (citing *Murray*, 477 U.S. at 496). "'[A]ctual innocence' means factual innocence, not mere legal sufficiency." *Bousley*, 523 U.S. at 623.

Here, Petitioner acknowledges that he failed to appeal the minimum sentence enhancement, but contends that he can establish cause to excuse his procedural default based on the "substantial shift in the law" resulting from the Fourth Circuit's en banc decision in *Simmons*

15

which made his claim "sufficiently novel."[7] Pet'r's Resp. [DE-46] at 4. Petitioner argues that prior to the court's en banc decision in *Simmons* his claim was not reasonably available. *Id.* at 3.

In order to establish cause for failing to raise an issue during trial and direct appeal based on a subsequent change in the law, the state of the law must have been such that the legal basis for the claim was not reasonably available when the matter should have been raised. *Mikalajunas*, 186 F.3d at 493 (citing *Turner v. Jabe*, 58 F.3d 924, 927-28 (4th Cir. 1995)). Petitioner must show that his claim is "so novel that its legal basis [was] not reasonably available;" in other words, a petitioner "must show that [at the time of his appeal period] his lawyer did not have a reasonable basis upon which to develop his legal theory." *Turner*, 58 F.3d at 927-28 (quoting *Reed v. Ross*, 468 U.S. 1, 16, 17 (1984) (internal quotation marks omitted)). The fact that at the time petitioner may have perceived that the law did not favor his claim, that his claim would have been futile, or that circuit precedent may have been adverse to his claim does not mean that the basis for such claim was then unavailable. *Gadson v. United States*, Nos. 4:05-CR-55-FL, 4:11-CV-51-FL, 2012 U.S. Dist. LEXIS 105800, at \*24 n.7, 2012 WL 3095569, at \*7 n.7 (E.D.N.C. Jul. 30, 2012) (citing *Page v. United States*, 440 Fed. App'x 767, 768-69 (11th Cir. Sept. 8, 2011)); *see Turner*, 58 F.3d at 927-28.

The government argues that Petitioner cannot demonstrate cause for failing to pursue his claim on direct appeal. Gov't's Mem. [DE-45] at 7-8. In particular, the government observes that at the time of Petitioner's sentencing hearing, March 29, 2010, the Supreme Court had already issued its decision in *United States v. Rodriquez*, 553 U.S. 377 (2008). *Id.*

---

[7] Petitioner does not contend actual innocence in support of a procedural default exception.

In *Rodriquez*, the Supreme Court considered whether the "maximum term of imprisonment prescribed by law" must be computed with reference to state repeat offender laws in addition to the statute of conviction, holding in the affirmative. *Id*. at 391-92. Rodriquez was convicted for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). *Id*. at 380-81. Identifying two prior California burglary convictions and three prior Washington drug-trafficking convictions, the government sought an enhancement under the Armed Career Criminal Act ("ACCA"), which sets a 15-year minimum sentence "[i]n the case of a person who violates section 922(g) of [Title 18] and has three previous convictions . . . for a violent felony or a serious drug offense, or both . . . ." *Id*. at 381 (quoting 18 U.S.C. § 924(e)(1)). While the two burglaries qualified as "violent" felonies, the parties disagreed as to whether any of the Washington drug convictions qualified as "serious" offenses - that is, an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id*. at 381-82 (citing 18 § U.S.C. 924(e)(1)). Under Washington law, Rodriquez faced a sentence of up to five years' imprisonment if his drug crime was a first offense. *Id*. at 381 (citing Wash. Rev. Code §§ 69.50.401(a)(1)(ii)-(iv) (1994)). However, for persons convicted of a second or subsequent offense, the term of imprisonment could be doubled. *Id*. (citing Wash. Rev. Code § 69.50.408(a)). "Thus, by virtue of this latter, recidivist, provision [,] [Rodriquez] faced a maximum penalty of imprisonment for 10 years." *Id*.

Explaining the term "offense generally . . . describe[s] the elements constituting the crime," Rodriquez argued that the Washington state recidivism statute should not be factored into the court's calculation of his maximum term of imprisonment "[b]ecause prior convictions required for recidivist enhancements are not typically offense elements." *Id*. at 384. The

17

Supreme Court disagreed, observing in statutes predating the enactment of the ACCA that "the concept of 'maximum' term of imprisonment . . . necessarily referred to the maximum term prescribed by the relevant criminal statute." *Id.* at 391.

According to the government, "*Rodriquez* was the initial basis for the defendant's argument in *Simmons* (subsequently bolstered by the Supreme Court's later decision in *Carachuri-Rosendo*) that the Fourth Circuit's interpretation of North Carolina's structured sentencing scheme in *Harp*, was no longer good law." Gov't's Mem. [DE-45] at 7 (citing *United States v. Simmons*, 340 Fed. App'x 141, 144 (4th Cir. Aug. 4, 2009), *vacated and remanded*, 130 S. Ct. 3455 (2010)).

Indeed, prior to Petitioner's sentencing and during his subsequent opportunity to appeal, several defendants relying on *Rodriquez* appealed the enhancement of their sentence on the grounds that their prior felony conviction did not result in incarceration for greater than one year, or that *Rodriquez* otherwise compelled a redefinition of a defendant's "prior felony" conviction as it may impact federal prosecution. *See, e.g., United States v. Pruitt*, 545 F.3d 416, 417-19 (6th Cir. 2008) (citing *Rodriquez* and applying North Carolina law and holding that the district court must account for a defendant's prior record level under North Carolina law in determining whether that defendant's prior North Carolina convictions qualify as predicates under the federal career offender sentencing guidelines); *United States v. Watson*, 336 Fed. App'x 363 (4th Cir. Jul. 7, 2009) (Defendant argued on re-sentencing that *Rodriquez* requires reconsideration whether his North Carolina conviction qualifies as a felony drug conviction); *United States v. Blackwood*, 368 Fed. App'x 345 (4th Cir. Mar. 2, 2010) (Defendant argued that his prior state conviction could not serve as predicate offense under 18 U.S.C. § 922(g) because under the North Carolina

18

Fair Sentencing Act he was subject to less than one year of imprisonment) (citing *Rodriquez*); *United States v. White*, 362 Fed. App'x 348 (4th Cir. Jan. 25, 2010) (Defendant appealed district court's denial of his motion to withdraw his guilty plea to possession of firearm by felon on the basis that *Rodriquez* and *Pruitt* undermine Fourth Circuit precedent of *Harp*); *United States v. Summers*, 361 Fed. App'x 539 (4th Cir. Jan. 20, 2010) (affirming district court's determination that the offense of possession with intent to distribute marijuana was a Grade A violation of supervised release because maximum aggravated sentence that could be imposed was 15 months incarceration, denying contention that *Rodriquez* overrules reasoning in *Harp*; citing *Pruitt*); *United States v. Parrish*, 360 Fed. App'x 448 (4th Cir. Jan. 13, 2010) (Defendant argued counsel should have objected to his career offender status on the grounds that he did not have required predicate felony convictions for a career offender sentence based on *Rodriquez* and *Pruitt*); *United States v. Williams*, 353 Fed. App'x 830 (4th Cir. Nov. 24, 2009) (Relying on *Rodriquez* and *Pruitt* Defendant argued that his career offender conviction must be reversed because he had not been previously convicted of a crime punishable by more than one year in prison); *see also United States v. Hill*, 539 F.3d 1213, 1220 (10th Cir. 2008) (holding that *Rodriquez* "demands that courts focus on the maximum statutory penalty for the offense, not the individual defendant" in determining whether a defendant is a convicted felon for purposes of § 922(g)(1)); *United States v. Haltiwanger*, 2009 U.S. Dist. LEXIS 10649, at *8-9, 2009 WL 350641, at *3 (N.D. Iowa Feb.11, 2009) (noting "[t]he *Rodriquez* Court ... focus[ed] on the sentencing characteristics of each particular defendant in one important respect; i.e., whether the defendant has prior convictions that would subject him to a stiffer penalty under a recidivism statute.")). This wealth of litigation indicates to the court that the claim asserted presently by Petitioner is not so novel

19

that it was unavailable to him at the time of any direct appeal. Indeed, within this district, several defendants litigated the impact of the Supreme Court's decision in *Rodriquez* and its purported effect on Fourth Circuit precedent in similar fashion to Petitioner's present argument well before the Fourth Court issued its en banc decision in *Simmons. See United States v. Hooker*, No. 5:08-CR-361-FL, 2009 U.S. Dist. LEXIS 33954, 2009 WL 1065865 (E.D.N.C. Apr. 20, 2009) (adopting M&R denying motion to dismiss felon in possession of firearm charge on grounds that Defendant was not a felon pursuant to *Rodriquez*), notice of appeal filed Oct. 16, 2009; *United States v. Perry*, No. 5:09-CR-106-FL-1, 2009 U.S. Dist. LEXIS 68612, 2009 WL 2392157 (E.D.N.C. Aug. 4, 2009) (same), notice of appeal filed Nov. 10, 2009, appeal dismissed, No. 09-5062, 384 Fed. App'x 249 (4th Cir. Jan. 23, 2010); *Jordan v. United States*, Nos. 1:09-CV-816, 1:07-CR-207-1, 2010 U.S. Dist. LEXIS 58322, 2010 WL 2347076 (M.D.N.C. Jun. 3, 2010) (Petitioner moved to vacate sentence enhancement under § 2255 on grounds of that ineffective counsel failed to challenge career offender status in light of *Rodriquez*); *United States v. Burston*, No. 5:04-CR-371-F-2, 2009 U.S. Dist. LEXIS 132199, 2009 WL 8670961 (E.D.N.C. Aug. 5, 2009) (Defendant argued that based on *Rodriquez*, his prior North Carolina drug conviction is not a predicate offense supportive of an enhancement under 21 U.S.C. § 841(b)(1)(A)). From this cursory survey, it appears that by the time of Petitioner's direct appeal period, the argument he now advances had been "perceived by other defendants." *See Turner*, 58 F.3d at 929 (citation omitted). Therefore, the court cannot conclude that Petitioner lacked the tools to construct a claim without the benefit of the en banc decision in *Simmons. See id.*

Finally, the fact that the en banc *Simmons* decision may have made Petitioner's claim more viable is not sufficient to establish cause. Petitioner had sufficient information, based on

the aforementioned litigation, to file a notice of appeal on the issues raised in *Simmons. See Bousley*, 523 U.S. at 623 ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." (internal quotation marks and citations omitted)); *see Turner*, 58 F.3d at 929 (citing *Smith v. Murray*, 477 U.S. 527, 537 (1986) (explaining that "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all")).

Because the court finds that Petitioner cannot show cause, the court need not determine whether Petitioner has shown sufficient prejudice. Further, since Petitioner does not assert actual innocence, the court declines to address this exception to procedural default.

## D. Effect of Guideline Errors

Section 2255(a) recognizes that a § 2255 motion provides relief for sentences that exceed the maximum authorized by law. 28 U.S.C. § 2255(a). However, it is generally recognized that errors in the application of the United States Sentencing Guidelines cannot be raised in a subsequent § 2255 motion because they do not constitute a miscarriage of justice absent a sentence exceeding the statutory maximum. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also Mikalajunas*, 186 F.3d at 496 (holding that claims of guideline error application are not cognizable under § 2255 because they fall short of constituting a miscarriage of justice). Thus, a petitioner who has been sentenced within the statutory maximum may not seek relief under § 2255. *Jones v. United States*, Nos. 4:09-CR-81-BO, 4:12-CV-94-BO, 2012 U.S. Dist. LEXIS 136280, at \*2, 2012 WL 4432675, at \*1-2 (E.D.N.C. Sept. 24, 2012) (citing *Powell*, 691 F.3d at 563 (King, J., dissenting)); *Farmer v. United States*, Nos. 5:02-CR-131-BO, 5:11-CV-642-BO, 2012 U.S. Dist. LEXIS 164227, at \*4, 2012 WL 5835524, at \*2 (E.D.N.C.

21

Nov. 16, 2012); *Dailey v. United Sates*, Nos. 7:06-CR-36-BO, 7:12-CV-224-BO, 2012 U.S. Dist. LEXIS 161419, at *5, 2012 WL 5471156, at *2 (E.D.N.C. Nov. 9, 2012); *Jackson v. United States*, Nos. 3:04-CR-162-FDW-2, 3:11-CV-673-FDW, 2012 U.S. Dist. LEXIS 156006, at *9, 2012 WL 5379057, at *3 (W.D.N.C. Oct. 31, 2012).

In light of the foregoing, the court finds that Petitioner's challenge to the calculation of his base offense level is not cognizable under § 2255 as Petitioner did not receive a sentence that exceeds his statutory maximum. Additionally, Petitioner has not alleged any facts which make the alleged guideline calculation error result in a miscarriage of justice, thus allowing for collateral attack of his sentence. *Mikalajunas*, 186 F.3d at 496.

## IV. CONCLUSION

Based upon the foregoing, the court recommends the government's motion to dismiss [DE-44] be ALLOWED and Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [DE-37] be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 13th day of December, 2012.

Robert B. Jones Jr.
United States Magistrate Judge

22