IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-209-FL
No. 5:12-CV-320-FL

| | |
|---|---|
| DAMIEN ANTWAN RICHARDSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 37), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government has filed a motion to dismiss (DE 44), to which petitioner has responded. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation (M&R) wherein it is recommended that the court dismiss petitioner's motion to vacate. (DE 49). Petitioner filed objections to the M&R. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts in part the recommendation of the magistrate judge, and grants in part and dismisses in part petitioner's motion.

**BACKGROUND**

On January 6, 2010, petitioner pleaded guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base (crack), under 21 U.S.C. § 846. On March 29, 2010, petitioner was

sentenced to a term of 126 months imprisonment and a term of supervised release of 8 years. Petitioner's sentence was calculated in accordance with a mandatory minimum term of imprisonment of 120 months imprisonment, and mandatory 8 year term of supervised release, due to the statutory enhancement for prior felony conviction, under 21 U.S.C. §§ 841(b)(1)(B) and 851. On June 7, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his sentence enhancement was erroneous in light of Simmons. The government contends that petitioner's motion is untimely and barred by the waiver in his plea agreement, among other grounds. The government concedes, however, that petitioner's term of supervised release should be reduced to below the applicable statutory maximum.

## DISCUSSION

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created

2

by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Petitioner contends, nonetheless, that equitable tolling is warranted. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). A petitioner is "only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him from timely filing. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Petitioner argues that equitable tolling should apply because Miller announced a new rule of substantive law that is retroactively applicable on collateral review. He suggests it is wholly arbitrary and a "miscarriage of justice" to treat his Simmons claim as untimely solely because the Fourth Circuit, rather than the Supreme Court, recognized the new rule of substantive law.

Accepting petitioner's argument, however, would render the limitations rule in (f)(3), and the court's ruling in Powell, meaningless. In addition, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent the sentencing enhancement for prior felony conviction. See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part).

Accordingly, the court declines to apply equitable tolling and dismisses petitioner's motion

3

as untimely with respect to the term of imprisonment.

B. Plea Waiver

The government also argues that petitioner's § 2255 motion is barred by the waiver in his plea agreement. The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a Simmons claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. Id. at 525 & 529.

Petitioner does not contend that his waiver was invalid due to any defect in the Rule 11 colloquy. Rather, he suggests that he did not knowingly and voluntarily waive his rights to bring a collateral attack based upon Simmons, because neither party had any reason to believe that the substantive law would change under Simmons. He also contends his Simmons claim falls outside of the scope of the plea waiver because his improper sentence constitutes a miscarriage of justice. Both arguments are foreclosed by Copeland, where the court confirmed that a defendant "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law," and that an "illegal" sentence permitting an appeal waiver must be a "sentence imposed in excess of the maximum penalty provided by statute." 707 F.3d at 529 & 530; see also United States v. Jones, No.

4

12-7600, 2014 WL 68607 *1 (4th Cir. Jan. 9, 2014) (plea waiver barred collateral attack based on Simmons, despite decision in Miller).

Accordingly, the court must dismiss petitioner's Simmons claim with respect to the term of imprisonment as barred by the waiver in his plea agreement.

C. Supervised release term

The court imposed an eight-year term of supervised release under § 841(b)(1)(B), the statutory minimum provided. Absent a prior felony conviction, however, the statutory *minimum* term of supervised release was four years, pursuant to § 841(b)(1)(B). Moreover, the statutory *maximum* term of supervised release was five years, pursuant to 18 U.S.C. § 3583(b)(1). See United States v. Dawson, 587 F.3d 640, 648 n. 5 (4th Cir. 2009); United States v. Good, 25 F.3d 218, 221 (4th Cir. 1994). Accordingly, as the government concedes, petitioner received a term of supervised release in excess of the statutory maximum prescribed by law, thus providing a basis to toll the statute of limitations and overcome plea waiver as to petitioner's claim based upon term of supervised release. Thus, the court will grant in part petitioner's motion and amend the judgment to specify a period of supervised release of four years.

D. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on whether the petition is untimely and

5

on whether the petition is barred by the plea waiver, in light of the Fourth Circuit's decision in Miller.  See Jones, 2014 WL 68607 *1 (expanding certificate of appealability to cover both timeliness and waiver issues, following Miller).

**CONCLUSION**

For the foregoing reasons, the court ADOPTS IN PART the recommendation of the magistrate judge, GRANTS IN PART and DENIES IN PART the government's motion to dismiss, and GRANTS IN PART and DISMISSES IN PART petitioner's motion to vacate.  The court hereby AMENDS the judgment entered March 29, 2010, to specify a period of supervised release for a term of four (4) years, instead of eight (8) years previously imposed.  All other terms of the court's March 29, 2010, judgment shall remain in effect.  A certificate of appealability is GRANTED on the terms set forth herein.

SO ORDERED, this 21st day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

6

Case 5:09-cr-00209-FL   Document 61   Filed 01/21/14   Page 6 of 6